LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANILO MERA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

     Plaintiff,

     v.

STARJEM RESTAURANT CORP.
     d/b/a FRESCO BY SCOTTO,
STARJEM LLC
     d/b/a FRESCO ON THE GO,
MARION SCOTTO, ANTHONY SCOTTO,
ELAINA SCOTTO and ROSANNA SCOTTO,

     Defendants.

---

Case No.: 18 CV 2152

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, DANILO MERA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, STARJEM RESTAURANT CORP. d/b/a FRESCO BY SCOTTO, STARJEM LLC d/b/a FRESCO ON THE GO (collectively, "Corporate Defendants"), MARION SCOTTO, ANTHONY SCOTTO, ELAINA SCOTTO and ROSANNA SCOTTO (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages due to time shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.    Plaintiff further alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action againt Defendants to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.    Plaintiff DANILO MERA is a resident of Essex County, New Jersey.

7.    Defendants operate two restaurants under the common trade name "Fresco" with addresses as follows:

      (a)     34 East 52nd Street, New York, NY 10022 ("Fresco by Scotto"); and

      (b)     40 East 52nd Street, New York, NY 10022 ("Fresco on the Go")

             (collectively, "Fresco Restaurants").

Defendants operate Fresco Restaurants as a single integrated enterprise. Specifically, Fresco Restaurants are engaged in related activities, share common ownership and have a common business purpose. Fresco Restaurants are located side by side on East 52nd Street between Madison Avenue and Park Avenue in Manhattan, New York City. See **Exhibit A** (Street View on Google Maps). Fresco Restaurants are commonly owned and operated by the Individual Defendants MARION SCOTTO, ANTHONY SCOTTO, ELAINA SCOTTO and ROSANNA SCOTTO. See **Exhibit B** ("About the Scottos" Section on Defendnats' Website). Fresco Restaurants are advertised jointly on Defendants' website (https://www.frescobyscotto. com). See **Exhibit C** (Homepage on Defendants' Website).

8.     Corporate Defendant STARJEM RESTAURANT CORP. d/b/a FRESCO BY SCOTTO is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 34 East 52nd Street, New York, NY 10022. Defendants operate "Fresco by Scotto" restaurant through STARJEM RESTAURANT CORP.

9.     Corporate Defendant STARJEM LLC d/b/a FRESCO ON THE GO is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 40 East 52nd Street, New York, NY 10022 and an address for service of process located at c/o Julian W. Friedman Esq., Stillman & Friedman P.C., 425 Park Avenue, New York, NY 10022. Defendants operate "Fresco on the Go" restaurant through STARJEM LLC.

10.    Individual Defendant MARION SCOTTO is an owner and senior executive officer of Corporate Defendants. MARION SCOTTO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MARION SCOTTO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MARION SCOTTO regarding any of the terms of their employment, and MARION SCOTTO would have the authority to effect any changes to the quality and terms of employees' employment. MARION SCOTTO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. MARION SCOTTO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MARION SCOTTO exercised functional control over the business and financial operations of Corporate Defendants.

11.    Individual Defendant ANTHONY SCOTTO is an owner and senior executive officer of Corporate Defendants. ANTHONY SCOTTO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ANTHONY SCOTTO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ANTHONY SCOTTO regarding any of the terms of their employment, and ANTHONY SCOTTO would have the authority to effect any changes to the quality and terms of employees' employment. ANTHONY SCOTTO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ANTHONY SCOTTO

4

ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ANTHONY SCOTTO exercised functional control over the business and financial operations of Corporate Defendants.

12.     Individual Defendant ELAINA SCOTTO is an owner and senior executive officer of Corporate Defendants. ELAINA SCOTTO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ELAINA SCOTTO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ELAINA SCOTTO regarding any of the terms of their employment, and ELAINA SCOTTO would have the authority to effect any changes to the quality and terms of employees' employment. ELAINA SCOTTO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ELAINA SCOTTO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ELAINA SCOTTO exercised functional control over the business and financial operations of Corporate Defendants.

13.     Individual Defendant ROSANNA SCOTTO is an owner and senior executive officer of Corporate Defendants. ROSANNA SCOTTO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ROSANNA SCOTTO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ROSANNA SCOTTO regarding any of the terms of their employment, and

ROSANNA SCOTTO would have the authority to effect any changes to the quality and terms of employees' employment. ROSANNA SCOTTO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ROSANNA SCOTTO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ROSANNA SCOTTO exercised functional control over the business and financial operations of Corporate Defendants.

14.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including bussers, runners, waiters/servers, bartenders, barbacks and delivery persons, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs"). The FLSA Collective Plaintiffs shall exclude individuals who opted into the collective settlement in *Megason v. Starjem Restaurant Corp.*, No. 12 Civ. 1299, Dkt. No. 107-1 (S.D.N.Y. Mar. 31, 2016) up to February 10, 2016.

17.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in (i) willful failure and refusal to pay

them the prevailing minimum wage and (ii) willful failure and refusal to pay them wages for all hours worked due to a policy of time shaving. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees, including bussers, runners, waiters/servers, bartenders, barbacks and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case (the "Class"). The Class in this action shall exclude members of the class settlement in *Megason v. Starjem Restaurant Corp.*, No. 12 Civ. 1299, Dkt. No. 107-1 (S.D.N.Y. Mar. 31, 2016), which include "all servers and/or waiters, who currently work or have worked for [Fresco by Scotto] . . . at any time between February 21, 2006 and February 10, 2016."

20.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to pay wages for all hours worked due to time shaving, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law;

(f)     Whether Defendants provided proper notice to Plaintiff and Class members that Defendants were taking a tip credit;

(g)     Whether Defendants provided proper wage statements informing Plaintiff and Class members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h)     Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Class members under the New York Labor Law;

(i)     Whether Defendants established the tip payment structure for Plaintiff and Class members;

(j)     Whether Defendants required Plaintiff and Class members to perform non-tipped work for more than 20 percent of their workday;

(k)     Whether Defendants kept daily records of tips earned by Plaintiff and Class members;

(l)     Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of time-shaving;

(m)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(n)     Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

27.     From in or about January 2015 until in or about October 2017, Plaintiff DANILO MERA was employed by Defendants to work as a busser for Defendants' "Fresco by Scotto" restaurant located at 34 East 52nd Street, New York, NY 10022.

28.     Throughout his employment with Defendants, Plaintiff DANILO MERA worked five (5) per week with a regular work schedule as follows: (i) 4:00 p.m. to 11:00 p.m. on Mondays and Tuesdays, (ii) 5:00 p.m. to 11:00 p.m. on Wednesdays, (iii) 10:30 a.m. to 10:00 p.m. with a one-hour lunch break Fridays, and (iv) 3:30 p.m. to 10:30 p.m. on Saturdays. Based on Plaintiff's observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members had similar work hours.

29.    From the beginning of his employment with Defendants until in or about December 2015, Plaintiff DANILO MERA was paid at a regular rate of $5.00 per hour. From in or about January 2016 until the end of his employment with Defendants, Plaintiff DANILO MERA was paid at a regular rate of $7.50 per hour. Based on Plaintiff's observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members were paid at similar hourly rates.

30.    Throughout his employment with Defendants, Plaintiff DANILO MERA was regularly required to work beyond his scheduled work hours. Every Saturday, Plaintiff was required to come in thirty (30) to forty-five (45) minutes earlier than his scheduled shift to get a head start on work. Because the restaurant was very busy on Saturdays, this additional time was necessary to finish all of his duties. However, Plaintiff was not permitted to clock in until his scheduled start time at 3:30 p.m. As a result, Plaintiff was not paid wages for for thirty (30) to forty-five (45) minutes of work each week. Based on Plaintiff's observations and conversations with other employees, FLSA Collective Plaintiffs and Class members similarly were required to work off-the-clock and did not received compensation for such work.

31.    At all relevant times, Defendants paid Plaintiff DANILO MERA, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing minimum wage in violation of the FLSA and NYLL.

32.    Plaintiff DANILO MERA, FLSA Collective Plaintiffs and Class members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further,

Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Plaintiffs and Class members of the proper regular rate of pay or the amount of tip credit taken for each payment period.

33.    Throughout his employment with Defendants, Plaintiff DANILO MERA was required to engaged in various non-tipped activities, such as sweeping and mopping the floor, preparing candles, vacuuming the carpet in the party room on the second floor, taking out garbage, handwashing glass cups in the bar, filling up the ice buckets, cleaning all glass walls around the restaurant, and other non-tipped related activities, for at least two (2) hours or twenty (20) percent of his workday. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members similarly spent at least two (2) hours or twenty (20) percent of their workdays performing similar non-tipped activities.

34.    At no time during the relevant time periods did Defendants provide Plaintiff DANILO MERA or Class members with proper wage and hour notices or wage statements as required by NYLL.

35.    During the course of his employment with Defendants, Plaintiff DANILO MERA was constantly subjected to a hostile work enviornment because of his sexual orientation. As a homosexual male, Plaintiff was mocked, insulted and sexually harassed by his co-workers on a continuous basis. Almost every day, other male employees at Defendants' restaurant used hostile language, made derogatory remarks and engaged in extremely offensive name-calling towards Plaintiff, despite his repeated expression of discomfort and requests to stop. For example, whenever Plaintiff entered the kitchen, the kitchen employees, such as Bolivar (cook) and Leo (cook), called Plaintiff "pato" (duck in Spanish, used as homosexual slur in Latin America), "maricon" (comparable to "faggot") and "perra" (comparable to "bitch"). In addition, Raul (chef)

referred to Plaintiff as "puto" (male prostitute in Spanish, used as a derogatory term for a homosexual men). Moreover, Thomas (bartender) asked Plaintiff, "How big is your penis?" repeatedly throughout the day. Due to such treament at the workplace, Plaintiff experienced extreme distress and loss of sleep.

36.    Plaintiff DANILO MERA complained to the restaurant management and owners several times about his work environment, and informed them of his anguish of having to endure such hostility and offensive remarks on a daily basis. However, Defendants failed to investigate or take appropriate corrective action, and Plaintiff's work condition did not improve. In fact, the sexual harassment and hostility towards Plaintiff became more frequent and continued until he was forced to leave his job because the stress became unbearable.

37.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage, despite failing to satisfy the requirements to claim tip credit allowance.

38.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the full amount of wages to which they were entitled, due to a time shaving, in violation of the FLSA and NYLL.

39.    Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements, which did not reflect actual hours worked, to Plaintiff and Class members as required under the NYLL.

40.    Defendants knowingly and willfully failed to provide proper wage and hour notice to Plaintiff and Class members pursuant to the requirements of the NYLL.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

46.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits because they failed to meet the statutory requirements under the FLSA.

47.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time-shaving.

48.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, or at the prevailing minimum wage rate, when Defendants knew or should have known such was due.

49.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid wages due to time shaving, plus an equal amount as liquidated damages.

52.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

54.    Plaintiff realleges and reavers Paragraphs 1 through 53 of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56.     Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits because they failed to meet the statutory requirements under the NYLL.

57.     Defendants knowingly and willfully violated rights of Plaintiff and Class members by failing to pay them for all hours worked due to a policy of time shaving.

58.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

59.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

60.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid wages due to time shaving, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

61.     Plaintiff realleges and reavers Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.    Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

63.    Defendants violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by engaging in discriminatory employment practices and subjecting Plaintiff to a hostile work environment based on his sexual orientation.

64.    Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

65.    As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

66.    Due to Defendants' violation under the NYSHRL, based on discrimination on the basis of sexual orientation, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; (2) economic damages; and (3) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

67.    Plaintiff realleges and reavers Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.    Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

69.    Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by engaging in discriminatory

employment practices and subjecting Plaintiff to a hostile work environment based on his sexual orientation.

70.    Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

71.    As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

72.    Due to Defendants' violation under the NYCHRL based on sexual harassment and discrimination on the basis of sexual orientation, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.    A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.    An award of unpaid minimum wage due under the FLSA and NYLL;

e.    An award of unpaid wages caused by time shaving due under the FLSA and NYLL;

f.    An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the wages for all hours worked due to time shaving or the prevailing minimum wage, pursuant to the FLSA;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the wages for all hours worked due to time shaving or the prevailing minimum wage, pursuant to the NYLL;

i.    An order awarding relief for Defendants' discriminatory conduct, including but not limited to economic, compensatory and punitive damages;

j.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.    Designation of this action as a class action pursuant to F.R.C.P. 23;

m.    Designation of Plaintiff as Representative of the Class; and

n.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    March 9, 2018                    Respectfully submitted,

                                          LEE LITIGATION GROUP, PLLC

                            By:    */s/ C.K. Lee*_____

                                   C.K. Lee (CL 4086)
                                   Anne Seelig (AS 3976)
                                   30 East 39th Street, Second Floor
                                   New York, NY 10016
                                   Tel.: (212) 465-1188
                                   Fax: (212) 465-1181

                                   *Attorneys for Plaintiff, FLSA Collective Plaintiffs
                                   and the Class*