# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
cklee@leelitigation.com

October 2, 2018

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *Mera v. Starjem Restaurant Corp., et al.*
              Case No. 18-CV-2152

Dear Judge Aaron:

     We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

     The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

     In this matter, the parties have reached a settlement of $15,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $15,000; $10,000 of which represents the settlement amount to be allocated to Plaintiff Danilo Mera. Attached hereto as **Exhibit B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be $17,034.13 in backwages for Danilo Mera (58.7% recovery).

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. However, Defendants have provided employment records for Plaintiff contesting most of Plaintiff's allegations and contend that Plaintiff is owed significantly less, if anything. Specifically, Defendants provided payroll records that demonstrate that Plaintiff was provided with a tip credit notice, which if found to be proper, would significantly reduce Plaintiff's backwages. While Plaintiff contests accuracy of the documents produced, he understands the significance of such documents in a jury trial. If Defendants were to succeed at trial in establishing that Plaintiff was actually paid for all hours worked, or that Plaintiff worked less hours than alleged, and the Defendants properly deducted a tip credit, Plaintiff's damages would again be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

More importantly, Defendants also provided an arbitration agreement executed by Plaintiff. While Plaintiff could contest the enforceability of the arbitration agreement, such motion practice would be costly and time-consuming, and Plaintiff would still run the risk of having his claims dismissed in federal court. Additionally, Plaintiff does not wish to incur the costs or expend the time in attempting to arbitrate his claims.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiff believes the amount of $15,000 is a fair result, obtaining approximately a significant amount of alleged backwages owed plus attorney's fees, while eliminating the risks of trial. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiff as he would likely receive a smaller amount than what is allocated to him in the settlement.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive significant recovery of alleged backwages owed plus attorneys' fees, and eliminating the burdens and costs of further litigation.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $15,000 settlement amount, $5,000 is allocated to attorneys' fees and costs. The legal fees and costs equal 1/3 of the settlement amount after the deduction of costs, which is routinely approved as attorney's fees in such FLSA matters. Per Your Honor's instructions, attached hereto as **Exhibit C** are Plaintiff's counsels' time records and as **Exhibit D** is Plaintiff's retainer agreement.

Plaintiffs' counsel's fees of $5,000 are fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and serving Defendants with discovery demands, analyzing Defendants' discovery production, resolving discovery disputes, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

*s/ C.K. Lee*
C.K. Lee, Esq.

Encl.