# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANILO MERA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br><br>                                    Plaintiff,<br><br>-against-<br><br>STARJEM RESTAURANT CORP. D/B/A FRESCO BY SCOTTO, STARJEM LLC D/B/A FRESCO ON THE GO, MARION SCOTTO, ANTHONY SCOTTO, ELAINA SCOTTO AND ROSANNA SCOTTO,<br><br>                                    Defendants. | Case No. 18-cv-2152(GHW) |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Danilo Mera on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (collectively "Plaintiff") and Defendants Starjem Restaurant Corp., Starjem LLC, Marion Scotto, Anthony Scotto, Elaina Scotto and Rosanna Scotto (collectively, "Defendants," and with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1.      **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including C.K. Lee and Angela Kwon of Lee Litigation Group, PLLC, located at 30 East 39th Street, Second Floor, New York, NY 10016 (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. The Parties have exchanged information and discovery during the course of the Pending Action (as defined below) in connection with the potential settlement of this matter. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid by Defendants for all time worked during his employment with Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants.

2.      **No Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the litigation styled *Mera v. Starjem Restaurant Corp., et al*, Case No. 18-cv-2152 (GHW), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment with Defendants and/or the separation or termination of Plaintiff's employment with Defendants.

-1-

Furthermore, the Parties agree that Plaintiff shall not be considered prevailing party or successful party.

3. **Dismissal of Wage and Hour Claims in the Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the wage and hour claims asserted in the Pending Action; (2) to dismiss all other claims asserted in the Pending Action with prejudice; (3) not to file or re-file the wage and hour causes of action asserted in the Pending Action, or any other wage and hour causes of action against Releasees arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (4) not to institute any action against any Releasees in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4. **Consideration.**

   A. Starjem Restaurant Corp. agrees to pay Plaintiff and his attorneys the maximum total sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Under no circumstances shall the Settlement Payment exceed Fifteen Thousand Dollars and Zero Cents ($15,000.00), excluding Starjem Restaurant Corp.'s share of payroll taxes typically borne by an employer with respect to any payments made to Plaintiff on a W-2 basis.

   B. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

   C. Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Releasees (as defined below), except as specifically provided in this Settlement Agreement.

5. **Release by Plaintiff.** For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff hereby fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and Defendants'

parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), affiliates, divisions, joint ventures, related entities and persons, successors, assigns, heirs, executors, administrators, and attorneys, and all of their past and present directors, officers, partners, shareholders, members, representatives, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy, in both their individual and representative capacities (collectively, "Releasees"), from any and all actions, claims, and/or causes of action: (a) relating to wages and hours worked, including those under the Fair Labor Standards Act, New York Labor Law, the New York Hospitality Industry Wage Order, the New York Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Code of Rules and Regulations, or common law; (b) relating to protected activities concerning wages or hours worked; and (c) relating to the negotiation of the Settlement Agreement. Nothing contained in this Agreement, however, shall preclude Plaintiff from pursuing: (i) any claims for a breach of this Agreement; (ii) any claims that Plaintiff may have that arise after the Effective Date of this Agreement; and (iii) any claims for unemployment insurance benefits or workers' compensation benefits. Further, Plaintiff does not release any rights that he has to any vested benefits under any applicable employee benefit plan.

   6. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for his respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Starjem Restaurant Corp. to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement.

   7. **Payment.**

     A. In consideration of the promises of Plaintiff set forth herein, Starjem Restaurant Corp. shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours worked that Plaintiff has or may have against Releasees as set forth in Section 5, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable in three (3) installment payments, which each shall be due and payable as set forth below, to be delivered to Plaintiff's Counsel to be held in escrow and not to be released to Plaintiff until the Court's dismissal of all claims *with prejudice* in the Pending Action. Upon request, Plaintiff's counsel will confirm to Defendants' counsel in writing that the payments have not been released to Plaintiff per the terms of this paragraph. Payment will be made on or before the dates set forth in Sections 7(A)(i)-(iii), provided that Plaintiff has executed and delivered to Defendants' counsel a signed copy of the Settlement Agreement and a valid IRS Form W-9 and Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9 and complies with the terms and conditions of this Agreement, as follows:

       (i) The "First Installment Payment" consisting of Five Thousand Dollars and No Cents ($5,000.00) of the Settlement Payment shall be made on October 15, 2018, as follows:

         (1) One check to Danilo Mera totaling the gross sum of One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Six Cents (**$1,666.66**), less

applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Danilo Mera, to be reported on an IRS Form W-2 issued to Danilo Mera;

(2) One check to Danilo Mera totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Danilo Mera, to be reported on an IRS Form 1099 issued to Danilo Mera;

(3) One check to "Lee Litigation Group, PLLC" totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which represents attorneys' fees and costs owed to Plaintiff and his counsel, to be reported on an IRS Forms 1099 issued to both Plaintiff and Plaintiff's Counsel;

(ii) The "Second Installment Payment" consisting of Five Thousand Dollars and No Cents ($5,000.00) of the Settlement Payment shall be made on November 15, 2018, as follows:

(1) One check to Danilo Mera totaling the gross sum of One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Six Cents (**$1,666.66**), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Danilo Mera, to be reported on an IRS Form W-2 issued to Danilo Mera;

(2) One check to Danilo Mera totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Danilo Mera, to be reported on an IRS Form 1099 issued to Danilo Mera;

(3) One check to "Lee Litigation Group, PLLC" totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which represents attorneys' fees and costs owed to Plaintiff and his counsel, to be reported on an IRS Forms 1099 issued to both Plaintiff and Plaintiff's Counsel

(iii) The "Third Installment Payment" consisting of Five Thousand Dollars and No Cents ($5,000.00) of the Settlement Payment shall be made on December 15, 2018, as follows:

(1) One check to Danilo Mera totaling the gross sum of One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Six Cents (**$1,666.66**), less applicable taxes and withholdings, which shall represent wages or compensation

allegedly due to Danilo Mera, to be reported on an IRS Form W-2 issued to Danilo Mera;

(2) One check to Danilo Mera totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Danilo Mera, to be reported on an IRS Form 1099 issued to Danilo Mera;

(3) One check to "Lee Litigation Group, PLLC" totaling One Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents (**$1,666.67**), from which no taxes and withholdings will be deducted, which represents attorneys' fees and costs owed to Plaintiff and his counsel, to be reported on an IRS Forms 1099 issued to both Plaintiff and Plaintiff's Counsel.

B. To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit Starjem Restaurant Corp.'s right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

C. The Parties agree that this Agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

8. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in a court of competent jurisdiction located in New York County, New York. The Parties consent to jurisdiction in New York County, New York, agree that venue only in the County of New York, State of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Starjem Restaurant Corp. if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9. **Return of Company Property.** To the extent he has not already done so, Plaintiff agrees to return to Defendants all property of Defendants, which is or has been in his possession, custody, or control, including but not limited to written materials, records, computer files, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, including, but not limited to, all property of Defendants taken or received by Plaintiff during his employment with Defendants.

10. **Communications with the Media.** Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, LinkedIn and Twitter (collectively, the "Media") regarding the Pending Action, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same. If contacted by any member of the Media or any other individuals through any of the Media, Plaintiff and/or Plaintiff's Counsel will simply state that the Pending Action has been resolved to the satisfaction of the parties. Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem appropriate to their attorneys and financial and tax advisors, as well as, in Defendant's case, to its members, officers, shareholders, directors, and/or other relevant stake holders as well as their attorneys and financial and tax advisors, with respect to this litigation provided those disclosures are truthful, and no derogatory statements are made about Plaintiff's Counsel, Defendant's Counsel, Plaintiff, and/or the Defendant. Nothing herein shall prevent Plaintiff's Counsel from communicating with Plaintiff, clients, or potential clients.

11. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

12. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **Separate Discrimination and Retaliation Claims.** Plaintiff will receive a separate and confidential payment for a global release of all claims, including his claims for discrimination pursuant to a separate general release agreement.

14. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **Severability.** With the exception of Section 5 above, if any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable. In the event that Section 5 is held unenforceable by a court of competent jurisdiction, Defendants' obligations under Section 4 and 7 shall be null and void.

16. **Execution In Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall

constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

17. **Knowing and Voluntary Release of Claims.** Plaintiff acknowledges that:

    A. He has carefully read this Agreement and he fully understands its meaning;

    B. Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

    C. Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**PLAINTIFF:**

_____  Date: September 25, 2018
DANILO MERA

**DEFENDANTS:**

By: _____  Date: September __, 2018
**STARJEM RESTAURANT CORP.**
Title:

By: _____  Date: September __, 2018
**STARJEM LLC**
Title:

By: _____  Date: September __, 2018
**MARION SCOTTO**

ACTIVE\64152009.v1-9/12/18

By: _____     Date: September __, 2018
　　　ANTHONY SCOTTO

By: _____     Date: September __, 2018
　　　ELAINA SCOTTO

By: _____     Date: September __, 2018
　　　ROSANNA SCOTTO