# LEE LITIGATION GROUP, PLLC

30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

October 10, 2018

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Mera v. Starjem Restaurant Corp., et al.*
         <u>Case No. 18-CV-2152</u>

Dear Judge Aaron:

  We are counsel to Plaintiff in the above-captioned action. Per Your Honor's Order dated October 5, 2018, attached please find Exhibits C and D to the parties' request for approval of the Settlement Agreement (ECF Dkt. No. 39), which were previously redacted on ECF.

  We thank Your Honor for considering this matter.


Respectfully submitted,

<u>_s/ C.K. Lee_</u>
C.K. Lee, Esq.

Encl.

Exhibit C

## Timekeeper Summary:

| Attorney | Position | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| CKL | Partner | 2.1 | $550 | $ 1,155.00 |
| AS | Counsel | 7.6 | $450 | $ 3,420.00 |
| AK | Associate (4th year) | 6.4 | $300 | $ 1,920.00 |
| LA | Paralegal | 3.5 | $125 | $    437.50 |
| JP | Paralegal | 1.9 | $125 | $    237.50 |
| | | | Subtotal: | $ 7,170.00 |

## Costs and Disbursements:

Filing Fee:                              $400.00

**TOTAL:**      **$7,570.00**

Fresco

Timekeeper: C.K Lee

---

| Date: | June 22, 2018 | Case: Fresco | Hours Worked: | 0.3 |

Call with Defendants' counsel to discuss case and settlement.

| Date: | July 11, 2018 | Case: Fresco | Hours Worked: | 0.4 |

Call with Carolyn Richmond re settlement.

| Date: | July 17, 2018 | Case: Fresco | Hours Worked: | 0.3 |

Call with Carolyn Richmond re settlement.

| Date: | July 20, 2018 | Case: Fresco | Hours Worked: | 0.1 |

Email correspondence with Carolyn Richmond re settlement agreement.

| Date: | August 6, 2018 | Case: Fresco | Hours Worked: | 0.4 |

Commented to Defendants' draft of settlement agreement.

| Date: | August 1, 2018 | Case: Fresco | Hours Worked: | 0.2 |

Commented to Defendants' revisions to settlement agreement.

| Date: | September 6, 2018 | Case: Fresco | Hours Worked: | 0.3 |

Call with Defendants' counsel re settlement agreement.

| Date: | September 10, 2018 | Case: Fresco | Hours Worked: | 0.1 |

Correspondence with Defendants' counsel re settlement agreement.

**Total: 2.1 Hours**

Fresco

Timekeeper: Anne Seelig

| Date | Case | Description | Hours Worked |
|---|---|---|---|
| March 5, 2018 | Fresco | Research of corporate Defendants. (0.6) Drafted Complaint (3.7) | 4.3 |
| March 6, 2018 | Fresco | Revised complaint. | 0.6 |
| June 19, 2018 | Fresco | Analyzed Defendants' document production. | 0.5 |
| July 20, 2018 | Fresco | Drafted Settlement Agreement. | 0.6 |
| July 25, 2018 | Fresco | Revised Settlement Agreement. | 0.2 |
| September 25, 2018 | Fresco | Drafted fairness letter. | 1.4 |

**Total: 7.6 Hours**

Fresco – Time Sheets

Timekeeper: Angela Kwon

---

Date: November 7, 2017   Case: Fresco   Hours Worked: 1.0
Intake of new client with LA.

Date: March 9, 2018   Case: Fresco   Hours Worked: 0.8
Revised and finalized complaint (0.2); Prepared civil cover sheet and summonses (0.3); Filed complaint and other documents on ECF (0.2); Corresponded with defense counsel via e-mail re lawsuit (0.1)

Date: March 15, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel via e-mail

Date: April 2, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel via e-mail

Date: April 3, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel via e-mail

Date: June 1, 2018   Case: Fresco   Hours Worked: 1.2
Corresponded with defense counsel re second stipulation to extend time to respond to complaint (0.1); Prepared Stipulation extending time to answer and accepting service. (0.2); Ran damages calculation (0.9)

Date: June 13, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel re Defendants' third request to extend time to respond to complaint (0.1)

Date: June 15, 2018   Case: Fresco   Hours Worked: 0.7
Reviewed and analyzed Defendants' answer to complaint and corporate disclosures (0.3); Reviewed Defendants' proposed protective order (0.3); Corresponded with defense counsel re proposed protective order (0.1)

Date: June 19, 2018   Case: Fresco   Hours Worked: 0.7
Analyzed Defendants' document production (including arbitration agreement) (0.6); Corresponded with defense counsel to schedule conference call (0.1)

Date: June 20, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel to schedule conference call (0.1)

Date: June 21, 2018   Case: Fresco   Hours Worked: 0.1
Corresponded with defense counsel to reschedule conference call (0.1)

Date:  June 22, 2018        Case:  Fresco         Hours Worked:    0.3
Conference call with defense counsel and CKL (0.3)

Date:  June 25, 2018        Case:  Fresco         Hours Worked:    0.1
Corresponded with defense counsel re mediation dates (0.1)

Date:  June 27, 2018        Case:  Fresco         Hours Worked:    0.1
Followed up with defense counsel re mediation dates (0.1)

Date:  July 5, 2018         Case:  Fresco         Hours Worked:    0.1
Followed up with defense counsel re mediation dates (0.1)

Date:  July 9, 2018         Case:  Fresco         Hours Worked:    0.1
Followed up with defense counsel re mediation dates (0.1)

Date:  July 10, 2018        Case:  Fresco         Hours Worked:    0.1
Corresponded with defense counsel to schedule conference call (0.1)

Date:  July 11, 2018        Case:  Fresco         Hours Worked:    0.2
Corresponded with mediator to schedule first session (0.1);
Corresponded with defense counsel to schedule conference call with mediator (0.1)

Date:  July 16, 2018        Case:  Fresco         Hours Worked:    0.1
Corresponded with defense counsel to schedule conference call re settlement (0.1)

Date:  August 1, 2018       Case:  Fresco         Hours Worked:    0.1
Corresponded with defense counsel re settlement (0.1)

Date:  August 6, 2018       Case:  Fresco         Hours Worked:    0.2
Corresponded with defense counsel re settlement (0.1)
Corresponded with mediator to cancel mediation in light of settlement in principle (0.1)

**Total = 6.4 Hours**

Fresco

Timekeeper: Luis Arnaud

---

Date: November 7, 2017          Case: Fresco          Hours Worked:     1.2
Intake meeting with PF Danilo Mera (with AK).

Date: November 27, 2017         Case: Fresco          Hours Worked:     0.2
Call with PF Danilo Mera re: case update

Date: December 19, 2017         Case: Fresco          Hours Worked:     0.6
Meeting with PF Danilo Mera re: case update

Date: January 22, 2018          Case: Fresco          Hours Worked:     0.2
Call with PF Danilo Mera re: case update

Date: August 1, 2018            Case: Fresco          Hours Worked:     0.8
Meeting with PF Danilo Mera re: settlement

Date: September 25, 2018        Case: Fresco          Hours Worked:     0.5
Meeting with PF Danilo Mera to review and execute Settlement Agreement

**Total:   3.5 Hours**

Fresco

Timekeeper: Jasmin Perez

---

Date: July 20, 2018         Case: Fresco         Hours Worked:   0.1
Emailed draft of settlement agreement to Defendants' counsel.

Date: July 25, 2018         Case: Fresco         Hours Worked:   0.1
Emailed revised draft of settlement agreement to Defendants' counsel.

Date: August 9, 2018        Case: Fresco         Hours Worked:   0.1
Correspondence with Defendants' counsel re settlement agreement.

Date: August 10, 2018       Case: Fresco         Hours Worked:   0.1
Emailed CKL's comments to settlement agreement to Defendants' counsel.

Date: August 28, 2018       Case: Fresco         Hours Worked:   0.2
Finalized settlement agreement and emailed to Defendant's counsel.

Date: August 30, 2018       Case: Fresco         Hours Worked:   0.1
Correspondence with Defendants' counsel re settlement agreement.

Date: August 31, 2018       Case: Fresco         Hours Worked:   0.2
Correspondence with Defendants' counsel re filing letter re settlement in principle with the Court.

Date: September 10, 2018   Case: Fresco         Hours Worked:   0.7
Prepared Magistrate referral form. (0.3) Correspondence with Defendants' counsel re referring to Magistrate. (0.1) Prepared coverletter for filing of magistrate referral form. (0.2) Filed on ECF. (0.1)

Date: September 25, 2018   Case: Fresco         Hours Worked:   0.1
Emailed executed agreement and proposed fairness letter to Defendants' counsel.

Date: October 1, 2018       Case: Fresco         Hours Worked:   0.1
Correspondence with Defendants' counsel re fairness submission.

Date: October 2, 2018       Case: Fresco         Hours Worked:   0.1
Correspondence with Defendants' counsel re fairness submission.

**Total:   1.9 Hours**

# Exhibit D

CONFIDENTIAL ATTORNEY-CLIENT
PRIVILEGED COMMUNICATION

## RETAINER AGREEMENT

___Danilo Mera___ ("Client") and Lee Litigation Group, PLLC (the "Firm") enter into the following agreement:

1.  The Firm agrees to represent Client in connection with a wage and hour claims against ___Fesco___, and related entities ("Defendants").

2.  The Firm, at its discretion, may file a class action and/or collective action lawsuit against Defendants and related entities on behalf of Client and other similarly situated employees for violations of federal and/or state wage and hour laws. The Firm will file such a suit only if, after their investigation, it seems prudent to do so. If the Firm files a lawsuit, it will do so based in large part on the representations Clients has made to them.

3.  If the Firm files a class action lawsuit, it shall undertake and use its best efforts to obtain certification of a class of which Client is a member. The Firm shall also seek appointment by the Court as class counsel, and agree to undertake the representation of all members of the class that may be certified by the Court or arbitrator.

4.  Client agrees to act as a class representative and to represent a class of similarly situated individuals if the Firm requests that Client to do so. Client believes it is important that many people benefit from the lawsuit and Client believes that a class action lawsuit will save time, money, and effort, and thus will benefit all parties and the court. Client believes that the class action is an important tool to assure compliance with the law and to ensure just treatment to all those similarly situated.

5.  In agreeing to represent similarly situated individuals, Client understands that Client assumes a fiduciary responsibility to each and every member of the Class to represent their interests fairly and adequately. Client recognizes that as a class representative, Client will represent and consider the interests of all members of the class just as Client would represent and consider Client's own interests. To that end, Client agrees that in decisions Client makes regarding the conduct of the litigation and its possible settlement, Client will not favor Client's own interests over those of the class members, nor will Client favor any particular class member or group of class members to the disadvantage of other class members. Client recognizes and accepts that any resolution of a class action lawsuit, including any settlement or dismissal thereof, is subject to the approval of the court and must be in the best interests of the class as a whole. Client further understands that in order to provide adequate representation, Client must remain informed of developments in the litigation, cooperate with the attorneys by providing them with information and any relevant documentary material in Client's possession, and testify, if required, in a deposition and in trial.

6.  If the action is certified as a class action, proposed settlements therein shall be submitted for Court's or arbitrator's approval. If the action is certifies as a class action, and if a monetary recovery or other relief is obtained for the plaintiff class, either by

settlement, judgment, or award, the Firm will apply to the Court for reimbursement for its costs and payment of their fees by Defendant(s) in addition to, or from, such recovery or relief. The Court has authority and discretion to fix the fee at the level it determines to be reasonable. If the Firm applies to the Court for reimbursement of fees and costs from a settlement fund, it shall apply for the greater of (a) thirty-three percent (33%) of the settlement fund or (b) the Firm's full lodestar amount (currently hourly rate times hours spent). Client will retain his or her right, as a class member, to approve, oppose, or comment upon any proposed settlement of all or part of the class action, and to approve, oppose, or comment upon any application for reimbursement of costs and award of attorneys' fees made therein by the Firm.

7. Client acknowledges that Client's goal in this representation and the purpose of this representation is to obtain certification of a class and/or class-wide monetary relief. Client understands that the Firm will use its best efforts to certify a class of which Client is a member and acknowledge that the Firm cannot guarantee this result. Client understands that the Firm reserves the right to determine all litigation tactics and strategy on behalf of Client, including all tactics and strategy that the Firm deems appropriate in order to obtain class certification. Client understands and agrees that the Firm may make strategic decisions that they deem appropriate in order to gain class certification which may not be in the best interest of any of Client's individual claim(s).

8. If the action is not certified as a class action, or if events occur that make the case no longer suitable in the view of the Firm, the Firm may withdraw as counsel for Client. If that happens, the Firm will assist Client in attempting to find counsel on an individual basis.

9. If the action is not certified as a class action, and/or if the Firm continues to represent Client on an individual basis, in consideration for the Firm's representation in connection with this matter, the Firm will receive, after deduction and reimbursement of costs and expenses, the greater of (a) forty percent (40%) of the net proceeds, whether through settlement, final judgment or arbitrator's award in this matter, (b) the full amount of any Court-awarded or arbitrator-awarded attorneys' fees, or (c) the Firm's full lodestar amount (current hourly rate times hours spent). For these purposes, "net proceeds" means the gross pre-tax recovery (including any award of attorneys' fees and the value of any benefits received) less any unrecovered disbursements. The fee set forth in this Agreement is not set by law, but is negotiable between the Firm and Client.

10. In the event costs and attorneys' fees are separately awarded by the Court or arbitrator(s), Client specifically assigns any statutory claim to attorneys' fees to the Firm. In the event that the Firm agrees to continue the prosecution of this case on appeal, all costs and attorneys' fees incurred on appeal will be recoverable in their entirety by the Firm.

11. Client and the Firm agree that the Firm will be responsible for the costs and expenses of this action to the full extent permitted by law. "Costs and expenses" include: expert witness fees, deposition fees, filing fees, telephone and mobile phone charges,

CONFIDENTIAL ATTORNEY-CLIENT
PRIVILEGED COMMUNICATION

photocopies, travel expenses, messenger services, and other items commonly defined as expense or court costs Client agrees that all such costs and expenses will be deducted from any settlement or final judgment of this matter and the Firm will be reimbursed by Client for any such costs and expenses out of any such settlement or judgment.

12. **In no event shall the Firm be entitled to payment of attorneys' fees by Client if the Firm's efforts do not ultimately result in a monetary recovery by Client unless otherwise agreed herein.**

13. Client hereby authorizes the Firm to conduct settlement negotiations regarding this matter. Client expressly gives full Power of Attorney to the Firm to accept on behalf of the Client any reasonable settlement (including Client agreeing to a full general release by Client of all claims against Defendants) that may be obtained from Defendants and The Firm may execute all such instruments, settlement agreements or releases on behalf of Client, without prior approval from Client. Client understands that the Client will be legally bound by the terms of a settlement, accepted on the Client's behalf by the Firm. Client authorizes the Firm to receive all payments of settlement amounts on Client's behalf and to deduct the Firm's fees and expenses prior to any payment to Client.

14. Client agrees that the Firm will be holding all payments due to Client in escrow. If Client does not pick up payment within one year of the date Client was notified that payment was available, it will be allocated to the Firm as additional fees or a cy pres donation, at the Firm's discretion.

15. The parties agree that this matter is undertaken based on the understanding to date of the facts and the persons from whom recovery may be sought. Client retains the right to discharge the Firm from individual representation for any reason whatsoever, provided, however, that Client understands that class counsel serves by order of the Court or arbitrator. Further, the Firm may terminate this agreement at any time if significant disagreements arise concerning the handling of this matter or if the Firm is precluded by applicable rules of professional conduct from continuing representation of Client. If the Firm is terminated by Client, it will retain a lien on any proceeds from this matter in an amount to be determined by an analysis of the amount and value of the work performed prior to that day or as more thoroughly defined by a quantum merit application. It is understood that the Firm can ask the Court or arbitrator presiding over this matter to review the fees herein.

16. Client understands the effect of joint representation on attorney-client confidentiality. Attorney-client communications are privileged and are protected against disclosure to a third party. Under this agreement, Client understands that the Firm may represent and consents to the Firm representing multiple Plaintiffs. By entering into this agreement, Client waives any right Client may have to require that the Firm discloses to Client any confidences the Firm has obtained from any other Plaintiff in connection with the subject matter of this agreement. Also, although communications between a client and the client's attorneys are normally confidential with respect to all others, they will not be

confidential with respect to the other clients in this matter if the Firm decides that such information should be shared.

17.     Client understands that the Firm will share fees based primarily on the proportion of time that each attorney devoted to the case. The Firm shall have the right to associate other attorneys at no additional expense to Client.

18.     This Retainer Agreement does not pertain to any other matters or claims on which Client may ask the Firm to work during the course of this case. Any such other representation will be at the Firm's regular hourly rates.

19.     If Client believes the Firm's fees are incorrect or unreasonable, Client will notify their Firm in writing within 15 days of the date that the fee is paid or awarded and the Firm will promptly review them with Client. Any unresolved dispute between Client and Firm pertaining to the Firm's charges or the Firm's performance of service will be mediated through the Joint Committee on Fee Disputes and Conciliation of the Association of the Bar of the City of New York. If mediation fails, any such dispute will be fully and finally resolved through arbitration under the auspices of the American Arbitration Association in New York City (or the Joint Committee by agreement). The arbitrator will have the authority to award legal fees and costs to the party that substantially prevails. Inasmuch as this involved your rights in the event of a dispute, you may want to consult other counsel regarding this point.

20.     The Client agrees to preserve and maintain all documents and electronic records or files in the Client's possession or control that relate to the Client's employment with Defendants and any lawsuit regarding Defendant's violations of wage and hour laws. These documents and records include, but are not limited to documents in paper formats as well as electronic information stored in work or personal home computers, laptops. PDAs, thumb drives, cell phones, external hard drives, CDs, DVDs, voicemail, video, social networking websites, online email accounts, blogs or other storage media. The Client agrees to preserve these documents and records throughout the duration of the Retainer Agreement.

21.     Client agrees that the Firm may post a description of the case, the status of the case, publically-filed case documents, and other publically available information about this case online and make public statements about the case, including to the media.

22.     The parties agree this agreement embodies the entire agreement between the parties and may be amended only by written agreement executed by all parties.

4

CONFIDENTIAL ATTORNEY-CLIENT
PRIVILEGED COMMUNICATION

CLIENT *[signature]*

Signature

Danilo Mera
Printed Name

11/7/17
Date

Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016

By: C.K. Lee   Luis Arnaud

11-7-17
Date

5

COMUNICACIÓN PRIVILEGIADA
CONFIDENCIAL ABOGADO-CLIENTE

## ACUERDO DE REPRESENTACIÓN

__Danilo Mera__ ("El Cliente") y Lee Litigation Group, PLLC ("La Firma") entran en el acuerdo siguiente:

1. La Firma esta de acuerdo para representar a clientes en relación con un reclamo de violaciones de la ley federal y/o de las leyes de salario y hora del Esta de Nueva York de la empresa __Fresco__, y entidades relacionadas.

2. La Firma, en su discreción, puede presentar una acción de clase o demanda de acción colectiva en nombre del Cliente y de otros empleados en situaciones similar por violaciones de los leyes federales y/o del estado del salario y de la hora del Estado de Nueva York. La Firma presentarais una demanda si y solo si, después de su investigación, lo considere prudente hacerlo. Si la Firma presenta una demanda, lo harán basándose en gran parte las representaciones del Cliente.

3. Si la Firma presentan una demanda, La Firma comprometerá su mejor esfuerzo para obtener la certificación de una clase de la cual el Cliente es miembro. La Firma tratara también el nombramiento por el Tribunal o arbitro, abogado de clase, y de acuerdo para realizar la representación de todos los miembros de la clase que puede ser certificado por el Tribunal o arbitro.

4. Si La Firma presenta una acción de clase, el Cliente se compromete a actuar como representante de una clase y para representar a una clase en situación similar, entonces La Firma pide que así lo haga. . El cliente cree que sea importante que muchas personas se benefician de la demanda y el Cliente cree que con una acción de clase se ahorrarían tiempo, dinero y esfuerzo, y, por tanto, beneficiara a todas las partes y el tribunal. El Cliente considera que la acción de clase en un instrumento importante para garantizar el cumplimiento de la ley y para garantizar un trato justo a todos los individuos en situación similar.

5. Al aceptar representar a los individuos en situación similar, el Cliente entiende que el asume una responsabilidad fiduciaria para cada y todos los miembros de la clase para representar sus intereses de manera justa y adecuada. El Cliente reconoce que, como representante de la clase, va a representar y considerar los intereses de todos los miembros de la clase igualmente como el representa y considera sus propios intereses. Hasta el fin, el Cliente esta de acuerdo en que en las decisiones que el hace donde que se refiere a la conducta de los litigios y su posible solución, el Cliente no será a favor de sus propios intereses sobre de los miembros de la clase, ni a favor de cualquier miembro particular de la clase o grupo de miembros de la clase, en detrimento de otros miembros de la clase. El Cliente reconoce y acepta que cualquier resolución de una acción de clase, incluyendo la liquidación o despido del mismo, esta sujeta a la aprobación de la corte y debe estar en los mejores intereses de la clase como un todo. El Cliente entiende, además que a fin de propiciar una representación adecuada, debe seguir siendo informado de la evolución en el litigo, cooperar con los abogados, proporcionándoles información pertinente y cualquier material documental en posesión del Cliente, y testimonio, si

necesario, en una deposición y en el juicio. El Cliente entiende, además, que en la circunstancia de que el caso sea perdido, un tribunal puede evaluar algunos de los costes de litigio de los demandados contra los representantes de la clase.

6. Si la acción es certificada como una acción de clase, los acuerdos en esas propuestas deberían ser presenta para aprobación del Tribunal o del arbitro. Si la acción es certificada como una acción de clase, y si una recuperación se obtiene para la clase demandante, sea por acuerdo, sentencia o laudo, La Firma pedirá a la Corte o el arbitro para el reembolso de sus gastos y el pago de sus honorarios por la parte demandada(s), encima de, o de, tal recuperación o reparación. La Corte o el arbitro tiene autoridad y discreción para fijar la tasa en el nivel que determine sea razonable. Si La Firma aplica al Tribunal para el reembolso de los honorarios y costos de un fondo de liquidación, estos se aplicaran, durante la mayor entre (a) el trenta y tres por ciento (33%) del fondo de liquidación o (b) lo completo de la cantidad de "lodestar" de La Firma (Precio por hora actuales tiempos de horas dedicadas). El Cliente conservara su derecho, como miembro de la clase, para aprobar, oponerse, o hacer comentarios sobre cualquier propuesta de liquidación de la totalidad o parte de la acción de clase, y aprobar, oponerse, o podrá hacer comentarios sobre cualquier solicitud de reembolso de los gastos y la adjudicación de los honorarios de los abogados que en este se formulan por La Firma.

7. Si La Firma presenta una acción de clase, el Cliente reconoce que su objectivo y la finalidad de esta representación es obtener una certificación de clase. El Cliente comprende que La Firma utilizara su mejor esfuerzo para certificar una clase de la cual el Cliente es un miembro titular y reconocer que La Firma no puede garantizar este resultado. El Cliente comprende que La Firma se reserva el derecho a decidir todas las tácticas y estrategias de litigio en el nombre del Cliente, incluyendo todas las tácticas y estragáis que La Firma estime conveniente a fin de obtener la certificación de clase. El Cliente comprende y esta de acuerdo que La Firma puede tomar decisiones estratégicas que se consideren apropiadas a fin de obtener la certificación de las clase que tal vez no sea en el mejor interés de cualquiera de reclamación(s) individual del Cliente.

8. Si la acción no puede certificarse como una acción de clase, o se producen acontecimientos que hacen que el caso y ya no es adecuado al juicio de La Firma podrá retirarse como abogado de clientes. Si eso ocurre, La Firma ayudaran los clientes en la búsqueda de un abogado aceptable para representarlos de forma individual.

9. Si la accion no puede certificase como una accion de clase, y si La Firma continua la representacion de clientes de forma individual, teniendo en cuenta para la representacion de La Firma en relacion con este asunto, La Firma recibiran, despues de la deduccion y el reembolso de los costes y gastos, el mayor de (a) cuarenta por ciento (40%) de los ingresos netos, sea a traves de la liquidacion, el juicio final o adjudicacion del arbitro en este asunto, o (b) la totalidad de una concesion de los honorarios de los abogados otorgados por tribunal o arbitro. Para estos fines, "ingresos netos" significa la recuperacion bruta antes de impuestots (incluyendo cualquier adjudicacion de los honorarios de abogados de y el valor de los beneficios recibidos ) menos cualquir

2

desembolso de costos no recuperados. El importe establecido en el presente Acuerdo no se establece por ley, pero es negociable entre La Firma y el Cliente.

10. En el caso de los costes y honorarios de abogado sean expedidos separados por la Corte o el arbitro(s), el Cliente específicamente asigna solicitar a cualquier honorario estatutario para los abogados de La Firma. En el caso de que La Firma esta de acuerdo a continuar el enjuiciamiento de este caso en la apelación, todos los costes y honorarios de abogado incurridos en la apelación serán recuperables en su totalidad por La Firma.

11. El Cliente y La Firma están de acuerdo en que La Firma será responsable de los costes y gastos de esta acción en toda la medida permitida por la ley. Costes y gastos incluyen: pagos de perito, pagos de la deposición, las tasas de tramitación, teléfono y gastos de teléfono móvil, fotocopias, gastos de viaje, servicios de mensajería, y otros elementos que comúnmente se define como gastos o costes de la corte. El Cliente esta de acuerdo en que todos esos costes y gastos se deducirán de cualquier acuerdo o sentencia definitiva de este asunto y La Firma serán reembolsada por el cliente para cualquiera de esos costes y gastos de este tipo de solución de la resolución.

12. **En ningún caso La Firma tendrá derecho al pago de honorarios de abogado por el Cliente si los esfuerzos de La Firma en ultima instancia no resulta en una recuperación monetaria por parte del Cliente a menos que de otra manera acuerden.**

13. El Cliente autoriza a la Firma a realizar negociaciones necesarias para llegar a un acuerdo en el caso. El Cliente le permite terminantemente a la Firma a tener total "Poder de Abogados" para aceptar en favor de su Cliente cualquier instrumento, acuerdo o liberación que en la opinión de la Firma sea razonable (incluyendo un acuerdo para una total abstención por parte del Cliente a cualquier tipo de futura demanda en contra de los Demandados). Este tipo de acuerdo puede ser ejecutado entre los Demandados y la Firma sin previa aprobación del Cliente. El Cliente entiende que va estar legalmente obligado a los términos del acuerdo que ha sido aceptado por la Firma en favor de su Cliente. El Cliente autoriza a la Firma a recibir todos los pagos por el acuerdo en su favor y que de ese dinero se debe deducir los honorarios de la Firma como así también el pago de los gastos que han sido adelantados por la Firma antes de hacer el pago al Cliente.

14. El Cliente acepta que la Firma se hará cargo de todos los pagos debidos al Cliente en fideicomiso. Si el Cliente no recoge el pago dentro de un año a partir de la fecha en que fue notificado que el pago estaba disponible, se le asignará a la Firma como honorarios adicionales o una donación presencial, a discreción de la Firma.

15. Las partes convienen en que este asunto se lleva a cabo cobre la base de la comprensión para comprobar los hechos y los individuos de quien la recuperación puede ser solicitada. El Cliente se reserva el derecho de rechazar la gestión de La Firma de la representación individual por cualquier razón, a condición, sin embargo, que el Cliente entiende que el abogado de la clase sirve por orden del Tribunal o arbitro. Además, La Firma podrá rescindir el presente acuerdo en cualquier momento si surgen desacuerdos importantes en relación con la gestión de este asunto o si La Firma se ve obstaculizada

COMUNICACIÓN PRIVILEGIADA
CONFIDENCIAL ABOGADO-CLIENTE

por las nomás de conducta profesional de la continuación de la representación de clientes. Si La Firma se termina por parte del Cliente, se mantendrá un embargo sobre cualquier producto de esta cuestión en un importe que será determinado por un análisis de la cantidad y el valor de los trabajos realizados con anterioridad a ese día o como se definen mas a fondo por un quantum meruit (*cantidad lograda*). Se entiende que La Firma puede solicitar al Tribunal o arbitro encargado sobre esta materia para revisar las tasa en el mismo.

16. El cliente comprende el efecto de la representación conjunta de confidencialidad abogado-cliente. Las comunicaciones entre abogado y cliente son privilegiadas y están protegidas contra la divulgación a un tercero. En virtud de este acuerdo, el Cliente entiende que La Firma puede representar y consiente La Firma en representación de varios demandantes. Al entrar en este acuerdo, el Cliente cualquier confidencia que La Firma ha obtenido de cualquier otro demandante en relación con el objeto de este acuerdo. Además, aunque las comunicaciones entre un cliente y abogado del Cliente normalmente confidencial con respecto a todas los demás, no serán confidenciales con respecto a los otros clientes en este asunto, si La Firma decide que esa información debería ser compartida.

17. El Cliente entiende que La Firma compartirá los honorarios basados principalmente en la proporción de tiempo que cada abogado se dedica al caso. La Firma tendrá el derecho de asociarse con otros abogados sin costo adicional para el Cliente.

18. Este Acuerdo de Representación no se refiere a todas los demás cuestiones o reclamaciones en que el Cliente podrá pedir a La Firma a trabajar en el curso de este caso. Cualquier otra representación será en las tarifas regulares por hora de La Firma.

19. Si el Cliente cree que las tasas de La Firma son incorrectas o poco razonable, el Cliente notificara a su Firma por escrito dentro de 15 días de la fecha en que la tasa se pague o concedido y La Firma se examinaran con prontitud con el Cliente. Cualquier conflicto no resuelto entre el cliente y La Firma relacionada con La Firma sobre los cargos de La Firma o sobre el rendimiento do los servicios será mediada a través del Joint Committee on Fee Disputes and Conciliation of the Assocation of the Bar of the City of New York ( La Asociación Americana de Arbitraje de la Cuidad de Nueva York.) Si la mediación fracasa, cualquier controversia será plenamente y mediante arbitraje bajo los auspicios de la Asociación Americana de Arbitraje en la cuidad de Nueva York (o el Comité Mixto por acuerdo). El arbitro tendrá la autoridad para otorgar los honorarios legales de sus derechos en caso de controversia, Usted puede consultar a otros abogados con respecto a este punto.

20. El Cliente se compromete a conservar y mantener todos los documentos y registros electrónicos o ficheros que estén en posesión del Cliente o del control del Cliente que se relacionan con el empleo del Cliente con los Demandados o cualquier demanda en relación con violaciones de las leyes de salarios y horas de los Demandados. Estos documentos y registros incluyen, pero no se limitan, a los documentos en formato papel, así como la información electrónica almacenada en el trabajo o computadoras

4

COMUNICACIÓN PRIVILEGIADA
CONFIDENCIAL ABOGADO-CLIENTE

personales, portátiles, PDA, memorias USB, teléfonos celulares, discos duros externos, CD, DVD, correo de voz, video, sitios web de redes sociales, cuentas de correo electrónico en línea, blogs y otros medios de almacenamiento. El Cliente se compromete a conservar estos documentos y registros durante toda la duración del acuerdo de retención.

21. El Cliente acepta que La Firma puede publicar una descripción del caso, el estado del caso, los documentos públicamente-presentados del casos, y otra información públicamente disponible sobre este caso en el Internet y hacer declaraciones publicas sobre el caso, incluyendo a los medios de comunicación.

22. Las partes convienen que este contracto representa la totalidad del acuerdo entre las partes y solo podrá ser modificado por compromiso escrito ejecutado por todas las partes.

**CLIENTE**

_[signature]_
Firma

Danilo Mera
Nombre

11/7/17
Fecha

**Lee Litigation Group, PLLC**
30 E 39th Street, Second Floor
New York, NY 10016

_[signature]_
Firma

Luis Arnaud
Nombre

11/7/17
Fecha

5